**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-5045**

———————————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

RICHARD AARON MCCRAY,

                              Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Leonie M. Brinkema, District
Judge.  (CR-03-602)

———————————

Submitted:  September 30, 2005      Decided:  November 3, 2005

———————————

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Robert L. Jenkins, Jr., Marcia O. Wright, BYNUM & JENKINS,
P.L.L.C., Alexandria, Virginia, for Appellant.  Paul J. McNulty,
United States Attorney, Patricia T. Giles, Steven D. Mellin,
Assistant United States Attorneys, Alexandria, Virginia, for
Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Richard Aaron McCray appeals his conviction, pursuant to a guilty plea, for one count of bank robbery in violation of 18 U.S.C. § 2113(a) (2000). McCray was sentenced to seventy-eight months' imprisonment and $5391 in restitution.

On appeal, McCray asserts the district court erred by failing to adequately inquire into his competency. Because McCray did not object during the plea colloquy or seek to withdraw his plea in the district court, this court's review is for plain error. United States v. Vonn, 535 U.S. 55, 59 (2002). Consequently, McCray must show (1) error; (2) that was plain; (3) that affected his substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. Id. at 62-63; United States v. Olano, 507 U.S. 725, 732 (1993). To establish that his substantial rights were affected, McCray must demonstrate that absent the errors, he would not have entered his guilty plea. United States v. Martinez, 277 F.3d 517, 524 (4th Cir. 2002).

"Before a court may accept a guilty plea, it must ensure that the defendant is competent to enter the plea." United States v. Damon, 191 F.3d 561, 564 (4th Cir. 1999). The test for competency is "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding--and whether he has a rational as well as

factual understanding of the proceedings against him." <u>Dusky v. United States</u>, 362 U.S. 402 (1960). "As in any criminal case, a competency determination is necessary only when a court has reason to doubt the defendant's competence." <u>Godinez v. Moran</u>, 509 U.S. 389, 401 n.13 (1993). The record reflects that McCray was found competent in two mental evaluations, and that he was responsive and coherent during the plea hearing. Further, at the plea hearing, McCray's counsel did not raise any concerns regarding McCray's ability to comprehend the proceedings when given the opportunity to do so. Indeed, the record is devoid of any facts establishing either that McCray was incompetent or that the district court failed to adequately inquire as to his capacity to understand the charges against him or the consequences of his guilty plea. Accordingly, we conclude McCray's plea was knowing and voluntary.

We affirm McCray's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>